UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00102-12-TWP-KPF |
| ) | |
| VANCE CANNER, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO STRIKE SURPLUSAGE**

This matter is before the Court on Defendant Vance Canner's ("Mr. Canner") Motion to Strike Surplusage from the Second Superseding Indictment[1]. Mr. Canner believes certain sections of the Second Superseding Indictment are irrelevant, immaterial and prejudicial, and thus should be stricken. For the reasons stated below, the Motion (Dkt. 1622) is **DENIED**.

## I.  BACKGROUND

On July 10, 2013, a forty-nine count Second Superseding Indictment was filed against Mr. Canner and 50 other co-defendants. In Count One, Mr. Canner and co-defendants are charged with engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). The racketeering acts alleged in Count One include "charges of mail fraud, wire fraud, money laundering, extortion, illegal gambling, bankruptcy fraud, conspiracy to distribute controlled substances, possession and distribution of controlled substances, possession of firearms by a felon, witness tampering, robbery, and unlawful use of a communication facility." Dkt. 1623 at 1. In his Motion to Strike Surplusage Mr. Canner asserts the following sections should be stricken because they are irrelevant, immaterial, and prejudicial:

1. "Introduction" Section, Paragraph 1 of Count One of the Superseding Indictment that the Outlaws Motorcycle Club ["OMC"] is "an international

---

[1]. At the time the motion to strike surplusage was filed, the Government had not yet filed the Second Superseding Indictment therefore Mr. Canner's motion challenges the superseding indictment which was filed on October 10, 2012. Since Mr. Canner and co-defendants are proceeding to trial on the Second Superseding Indictment, the Court has substituted it in this pleading.

      organization . . . whose members engaged in criminal acts, including the use and distribution of controlled substances, the use and threatened use of violence, extortion, firearms violations, obstruction of justice, illegal gambling, and insurance fraud."

2. "Introduction" Section, Paragraph 4(a) of Count One of the Superseding Indictment that "[t]he 1%er designation was in response to a proclamation issued in the 1940s by the American Motorcycle Association that ninety-nine percent of persons in motorcycle clubs were law abiding citizens. The 1%er patch signifies that the OMC members are in the other one-percent; that is, not a law-abiding citizen."

3. "Introduction" Section, Paragraph 4(c) of Count One of the Superseding Indictment that "OMC members also display other patches and tattoos on their person, their motorcycles, and other clothing, including the 'Snitches are a Dying Breed' patch, signifying the OMC's commitment to expel, and if necessary, murder individuals who cooperate with law enforcement, and the 'GFOD' patch, which stands for 'God Forgives, Outlaws Don't' and references to a revenge philosophy of the OMC."

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) states that "[t]he indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offenses charged . . . ." Fed. R. Crim. P. 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment . . . ." The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). A motion to strike surplusage is appropriate if the language in an Indictment is "immaterial, irrelevant, or prejudicial." *U.S. v. Marshall*, 985 F.2d 901, 905 (7th Cir. 1993). The Court must decide whether to strike this evidence based on relevance and prejudice. *U.S. v. O'Connor*, 656 F.3d 630, 645 (7th Cir. 2011).

## III.   DISCUSSION

Mr. Canner seeks to strike three paragraphs of the Second Superseding Indictment. Paragraph 1 identifies the OMC and indicates that it is an international criminal organization whose members and associates engaged in certain criminal acts, Paragraph 4(a) refers to the

"1%er" patch worn by OMC members and Paragraph 4(c) refers to the "Snitches Are a Dying Breed" patch and "GFOD" patch worn by members of he OMC.

### A.     Introduction Section, Paragraph 1

The "Introduction" section of the Indictment describes the history, organization, structure, membership, funding, and codes of conduct of the OMC.  Mr. Canner claims this paragraph is redundant, that none of the allegations are "essential facts" of the offenses charged and "[t]he challenged language are generalized accusations about character traits and the reputation of OMC members."  Dkt. 1623 at 4.  Additionally, Mr. Canner argues this paragraph should be stricken because courts may not use "prior-crimes evidence to show that since the defendant committed crimes in the past, probably he [or she] committed the crime of which he is now accused, or that since he's a criminal the jury might as well resolve any doubts about his guilt against him," *U.S. v. Edwards*, 581 F.3d 604, 608 (7th Cir. 2009).  In response, the Government asserts that because the Second Superseding Indictment defines the OMC as an enterprise, for each defendant it must prove the existence of an "enterprise" and a "pattern of racketeering activity," which consists of two or more predicate crimes. 18 U.S.C. §§ 1962(c), 1961(5).  The Government argues that the allegations in Paragraph 1 are relevant and material because they deal with the charges in the subsequent paragraphs, and they are not being offered to show impermissible 404(b) evidence, but rather are offered to prove specific offenses charged in Count One of the Second Superseding Indictment.

The Court agrees. The "pattern of racketeering" element of the Second Superseding Indictment under Racketeer Influenced and Corrupt Organizations Act ("RICO") requires allegations of at least two acts of racketeering activity within 10 years, and allegations that these predicate acts are related and amount to or pose a threat of continued criminal activity. 18 U.S.C.A. § 1961(5).  The government can show continuity by either referring to a closed period

of repetitive conduct during a "substantial period of time" or to "past conduct that by its nature projects into the future with a threat of repetition." See *U.S. v. Torres*, 191 F.3d 799 (7th Cir. 1999). "A motion to strike surplusage should be granted only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *U.S. v. Infelise*, No. 90-CR-87, 1991 WL 159126, *3 (N.D. Ill. July 25, 1991). Here, the Court cannot find the proposed language to be irrelevant considering the RICO charges. As such, Mr. Canner has failed to show this paragraph is redundant, prejudicial and clearly surplusage.

**B.    Introduction Section, Paragraph 4(a) and 4(c)**

Mr. Canner next argues that the allegations in Paragraph 4(a) and 4(c) should be stricken because they constitute claims that the OMC members are "not law-abiding citizen[s]" based upon their clothes and tattoos. Specifically, Mr. Canner contends Paragraphs 4(a) and 4(c) of the Second Superseding Indictment are prejudicial because they allege the patches worn by OMC members indicate OMC are unforgiving murderers that take revenge on law-abiding citizens and these allegations make the jurors judge these defendants based on stereotypes and prejudice rather than evidence. Dkt. 1623 at 3.

The Seventh Circuit stated that a pattern of racketeering activity is not "sporadic activity." *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1276 (7th Cir. 1989). There must be more than one racketeering activity, and there must be a threat of continuing activity, thus, a factor of continuity and a relationship means that there is a pattern. *Ashland Oil, Inc.*, 875 F.2d at 1276. The Court could find that these paragraphs allege facts or circumstances relevant to the pattern and continuing activity of the offenses charged. As previously stated, to prove the offenses charged under the RICO statute, the Government must prove that a defendant was "employed by or associated with any enterprise" affecting its purpose through racketeering activity. 18 U.S.C. 1962(c). The structure of an enterprise is proven by "explaining who participated in it, what they

4

did and its purpose, means and methods." *Torres*, 191 F.3d at 806. These patches allegedly advance the OMC's goals of intimidating potential witnesses and informants and advance the goals of this enterprise. The Government alleges the patches warn individuals to not cooperate with the government if they witness OMC members commit crimes "such as drug trafficking, extortion, gambling, and money laundering." Dkt. 1710 at 5. Additionally, Count Twelve of the Superseding Indictment charges seven OMC members with witness tampering, and the patches are evidence as to how the OMC members tamper with witnesses. The "1%er" patch is evidence that this type of behavior will continue because the OMC is proud to be in the one-percent of motorcycle gangs that do not abide by the law. The Court finds the paragraphs which allege evidence pertaining to the "1%er" patch, the "Snitches Are a Dying Breed" patch and the "GFOD" patch are both relevant and material.

As a final word, the Government attached as exhibit A (Dkt. 1710-1) an Indictment from an OMC prosecution in the Eastern District of Virginia which included similar allegations, namely: introductory language regarding "Snitches Are A Dying Breed," the "1%er," and the "GFOD" patches. The OMC in Eastern Virginia was also accused of being an enterprise and committing racketeering activities as well. In the unpublished decision, *Werth v. United States*, 493 Fed.Appx. 361, (4th Cir. 2012), the trial court was affirmed. The indictment in that case included introductory statements about the "1%er" patch, "Snitches are a Dying Breed" patch and "GFOD" patch and the meaning of each patch. In this RICO case, Defendant Mark Jason Fiel moved to strike the above language as surplusage and District Judge Henry E. Hudson denied the motion finding the language relevant and material. In his pretrial order, Judge Henry stated "…the Court fails to see how the clauses objected to by Defendant are prejudicial because they allege facts or circumstances relevant to the offense charged…." Additionally, "by setting forth the information concerning the Outlaws Motorcycle Club…the United States is merely

5

providing information relevant to the enterprise element of the statute." (*See* Case No. 3:10-cr-00170-HEH).  While Judge Henry's reasoning and rulings are not precedent, this Court agrees with both.  Accordingly, Mr. Canner's motion to Strike Surplusage is denied.

## IV.  CONCLUSION

For the reasons stated above, Mr. Canner's Motion to Strike Surplusage (Dkt. 1622) is **DENIED**.

**SO ORDERED.**

Date:  08/12/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brent Westerfeld
bwesterfeld@wkelaw.com

Gustin J. Raikos
gusto66@hotmail.com

James C. McKinley
ATTORNEY AT LAW
jmckinley@justice.com

Michael Eugene Allen
ATTORNEY AT LAW
mallenatty@aol.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Mark D. Stuaan
BARNES & THORNBURG LLP
mstuaan@btlaw.com

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica_foster@fd.org

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com

Brad Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov